**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JOHN FELDER,** | : | |
| Petitioner | : | CIVIL ACTION NO. 1:11-0903 |
| v. | : | (KANE, C.J.) |
| | | (MANNION, M.J.) |
| **DAVID EBBERT, Warden,** | : | |
| Respondent | : | |

**REPORT AND RECOMMENDATION**[1]

On May 12, 2011, the petitioner, an inmate at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania, filed the instant action as a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. (Doc. No. 1). In addition, the petitioner filed an application to proceed in forma pauperis, (Doc. No. 2). The court gives the petition preliminary consideration pursuant to Rule 4 of the Rules Governing Section 2254 Cases, as made applicable to §2241 cases by Rule 1 thereof. See 28 U.S.C. foll. §2254.

The petitioner alleges that on or about May 5, 2010, the Education Literacy Teacher, Mr. Constable, informed him that an exemption request[2]

---

[1]For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

[2]Program Statement 5350.28, Literacy Program (GED Standard), limits an inmate's wages to the pay grade four level when they have not met the literacy requirements. That same Statement provides that "the Warden may, for good cause, exempt inmates on a case-by-case basis, from the literacy requirements for work assignment appointment and promotion. Staff shall document such exemption in the inmate's education file and central file."

had been submitted based upon the petitioner's positive progress, as well as his participation in the literacy program for 480 hours. Subsequently, the petitioner was informed that the exemption request had been denied by the Assistant Supervisor of Education, ("ASOE"), Mrs. Zielinsky. The petitioner indicates that he filed an inmate request to the ASOE seeking reconsideration and an explanation for the denial. Contrary to Mr. Constable's representations, the petitioner indicates that Mrs. Zielinsky responded on June 10, 2010: "Your teacher indicated, and my observations of you during class time confirm that you are not working to your potential. This being the case, you are not eligible, nor will you be granted an exemption."

In light of Mrs. Zielinsky's response, the plaintiff filed an administrative remedy claiming that Mrs. Zielinsky abused her discretion in that she did not have authority to deny the request for exemption as the applicable Program Statement requires the warden to make such a determination. A denial by Mrs. Zielinsky, according to the petitioner, was a violation of his due process and equal protection rights. The petitioner indicates that his request for administrative remedy was denied at all levels.

The petitioner now files the instant action in which he seeks to have this court grant him injunctive and declaratory relief. The petitioner further seeks to have this court grant his exemption in light of his successful completion of 480 hours of the literacy program.

---

(Doc. No. 1, Attached Administrative Remedy Response).

In Muhammed v. Close, 540 U.S. 749 (2004), the Supreme Court stated:

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. §2254 [28 USCS §2254], and a complaint under the Civil Rights Act of 1871, Rev Stat §1979, as amended, 42 U.S.C. §1983 [42 USCS §1983]. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); requests for relief turning on circumstances of confinement may be presented in a §1983 action. Some cases are hybrids, with a prisoner seeking relief unavailable in habeas, notably damages, but on allegations that not only support a claim for recompense, but imply the invalidity either of an underlying conviction or of a particular ground for denying release short of serving the maximum term of confinement.

Muhammad, 540 U.S. at 750-51. "[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." Preiser, 411 U.S. at 500. "[T]he essence of a habeas corpus is an attack by a person in custody upon the legality of that custody, and that the traditional function of the writ is to secure release from illegal custody." Preiser, 411 U.S. at 484. Habeas relief is also available to a federal prisoner to challenge the execution of his sentence. Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005).

Here, the petitioner is not challenging the fact or duration of his confinement, nor is he challenging the execution of his sentence. Rather, he

is seeking to be granted an exemption from the literacy requirements of Program Statement 5350.28 in order to receive a higher pay grade. This claim clearly does not affect the length of his confinement, rather it is a challenge to the conditions of confinement, and is not properly set forth in a habeas petition. A challenge to the conditions of confinement is properly raised in a civil rights action; however, the petitioner has no constitutionally protected right to prison employment or any particular job in the prison and, therefore, no right to any particular pay grade. See Santos v. Ebbert, 2010 WL 5019061 (M.D.Pa.) (citations omitted), adopted by 2010 WL 5018954 (Nealon, J.)[3].

On the basis of the foregoing, **IT IS RECOMMENDED THAT:**

**(1)** the petitioner's application to proceed in forma pauperis, **(Doc. No. 2)**, be **GRANTED**; and

**(2)** the petition for writ of habeas corpus, **(Doc. No. 1)**, be **DISMISSED**.

>                                *s/ Malachy E. Mannion*
>                                **MALACHY E. MANNION**
>                                **United States Magistrate Judge**

**Date:** May 17, 2011

O:\shared\REPORTS\2011 Reports\11-0903-01.wpd

---

[3]For the convenience of the reader, the court has attached copies of unpublished opinions cited within this document.